NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEDGESTONE ASSOCIATES, LLC, : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 06-CV-567 (DMC) |
| : | |
| INTERNET METHODS A/K/A : | |
| iMETHODS and JIM B. PUGH, : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Jim B. Pugh[1] ("Pugh") and Internet Methods, Inc. a/k/a iMethods's ("iMethods," and collectively, "Defendants") motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ P. 12(b)(2); for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and for failure to include a short plain statement of jurisdiction, grounds and requested relief in the Complaint, pursuant to Fed. R. Civ. P. 8. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the parties' submissions, and based upon the following, this court finds that Defendants' motions to dismiss are **denied**.

**I.   BACKGROUND**[2]

---

[1] Defendant Jim B. Pugh answered the Complaint on behalf of himself individually and on behalf of Internet Methods, Inc. a/k/a iMethods.

[2] The facts set forth in this Opinion are taken from the statements in the parties' respective moving papers.

Plaintiff Ledgestone Associates, LLC ("Plaintiff") filed the Complaint alleging breach of the covenant of good faith and fair dealing, fraud, negligent misrepresentation, fraudulent non-disclosure, conversion, unjust enrichment and breach of fiduciary duty. Subsequently, Defendants filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8.

## II.   STANDARD OF REVIEW

### A.   Fed. R. Civ. P. 12(b)(2)

"It is well-established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). When a defendant, however, raises a jurisdictional defense,

> the burden falls on the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir. 1987)) (internal citations omitted). Plaintiff must establish that sufficient contacts exist between the Defendants and New Jersey in order to defeat Defendants' challenge to this Court's jurisdiction.

### B.   Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the

complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court of the United States clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

    C.    Fed. R. Civ. P. 8

"A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

**III.**    **DISCUSSION**

    A.    Fed. R. Civ. P. 7(b)(1) and L. Civ. R. 7.1(e)

3

At the outset, it should be noted that, as a technical matter, Pugh's motions to dismiss for lack of personal jurisdiction, for failure to state a claim and for failure to include in the Complaint a short plain statement of jurisdiction, grounds and requested relief should be denied because Pugh fails to comply with Fed. R. Civ. P. 7(b)(1) and L. Civ. R. 7.1(e) in that he failed to identify grounds, contain a proposed form of order and annex a brief or a statement in lieu of a brief. See Fed. R. Civ. P. 7(b)(1); L. Civ. R. 7.1(e). Fed. R. Civ. P. 7(b)(1)(B) requires that all motions "state with particularity the grounds for seeking the order." Additionally, L. Civ. R. 7.1 comment 4.b. states that "Motions in the District of New Jersey require, at a minimum, a notice of motion and supporting brief or statement *in lieu* of brief and a proposed form o[f] order . . . In the absence of the required papers, the court need not entertain the motion." Comment 4.b.(1) explains that:

> Every motion filed must be supported by "a brief, prepared in accordance with L. Civ. R.7.2," L. Civ. R. 7.1(d)(1), or, in cases where legal argument is not necessary such as a motion addressed solely to the court's discretion, by "a statement that no brief is necessary and the reasons therefore." A request for relief which is not accompanied by either a brief or a statement why a brief is not necessary will not be considered by the court. Citations Omitted.

See, e.g., Developers Sur. & Indem. Co. v. NDK Gen. Contrs., 207 U.S. Dist. LEXIS 11279 (D.N.J. Feb. 15, 2007) (internal citations omitted). Pugh's motion fails to satisfy these minimum requirements.

*Pro se* litigants, however, are permitted more leniency than practicing attorneys. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004). Therefore, in the interest of justice, this Court has considered Pugh's motions despite their failure to satisfy the requirements prescribed by Fed. R. Civ. P. 7(b)(1) and L. Civ. R. 7.1(e).

B.      Fed. R. Civ. P. 12(b)(2)

Moreover, beyond the motion's procedural deficiencies, the motion is also denied on the merits. The motion purports to seek relief based upon Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. To be subject to personal jurisdiction, a defendant that was not personally served with process within the forum state must have a sufficient level of personal or business contact with the forum state. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction can be established by demonstrating that the defendant purposefully conducted himself or herself in the forum state such that the defendant could have reasonably anticipated being hauled into court in the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Defendants' deliberate act of contacting and soliciting $142,000 from Plaintiff, a New Jersey Corporation, is indicia of conduct from which Defendant could have reasonably anticipated being hauled into a New Jersey court. Defendants' solicitation of Plaintiff ultimately resulted in a Joint Venture Agreement, wherein the parties stipulated that the Joint Venture "will be formally construed as a limited liability company in the State of New Jersey" under the name of Cyber Exchange, LLC with a mailing address of 614 Frelinghuysen Avenue, Newark, New Jersey 07114. The parties' intentional decision to form their limited liability company in the State of New Jersey, as indicated by the stipulated language quoted above, supports Plaintiff's position that the Defendants purposefully availed themselves of the State of New Jersey and its economy, thus, subjecting the Defendants to personal jurisdiction.

C.      Fed. R. Civ. P. 12(b)(6)

Pugh further states that the Complaint should be dismissed pursuant to Fed. R. Civ. P.

5

12(b)(6) for failure to state a claim upon which relief may be granted. Under Fed. R. Civ. P. 12(b)(6), the moving party has the burden of proving that no claim has been stated. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). To achieve this, the movant must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley, 355 U.S. at 45-46; Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hughes v. Rowe, 449 U.S. 5, 10 (1980). Here, the Complaint asserts claims for breach of the covenant of good faith and fair dealing, fraud, negligent misrepresentation, fraudulent non-disclosure, conversion, unjust enrichment and breach of fiduciary duty. Therefore, the motion unequivocally fails to demonstrate that the "[P]laintiff can prove no set of facts in support of" its claims. See Conley, 355 U.S. at 45-46.

    D.    Fed. R. Civ. P. 8

Pugh states that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8. Fed. R. Civ. P. 8(a) requires that a complaint contain (1) a short plaint statement of jurisdiction; (2) a statement demonstrating that Plaintiff is entitled to relief; and (3) a statement requesting said relief. Here, diversity jurisdiction exists because Plaintiff is a New Jersey corporation, Pugh is not a resident of New Jersey and the amount in controversy is $142,000.00, more than the $75,000.01 requirement. See 28 U.S.C. §1332. The Complaint satisfies the second requirement of Fed. R. Civ. P. 8(a) in that the asserted causes of action are clearly, intelligibly and unmistakably articulated in each enumerated Count of the Complaint, all of which would entitle Plaintiff to relief. See Twombly, 127 S. Ct. at 1976; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). In accordance with the third requirement of Fed. R. Civ. P. 8(a), Plaintiff's Complaint requests several forms of relief,

including compensatory, consequential and punitive damages.

      E.    *Pro se* May Not Represent Corporation Defendant

Although Pugh may certainly represent himself *pro se*, it is well-settled that a corporation must have licensed legal counsel to appear in federal court. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); see also Beale v. DOJ, 2007 U.S. Dist. LEXIS 6837, 8-9 (D.N.J. 2007). iMethods has failed to secure licensed legal counsel on its behalf. Pugh may not appear on behalf of the corporation iMethods. Therefore, to date no appearance has been made on behalf of iMethods.

**IV.**    **CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8 is **denied**. An appropriate Order accompanies this Opinion.

          S/ Dennis M. Cavanaugh
          Dennis M. Cavanaugh, U.S.D.J.

Date:      June   26 , 2008
Orig.:      Clerk
cc:      All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File